## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**STEPHANIE EPSTEIN as Personal
Representative of the Estate of Joan
Yvonne Ellard, Deceased,**

**Plaintiff,**

v.                                                      **Case No. 1:21-cv-00585-JCH-LF**

**BOKF, N.A. (d/b/a "BANK OF
ALBUQUERQUE"),**

**Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant BOKF, NA d/b/a Bank of Albuquerque's ("the Bank") *Motion for Judgment on the Pleadings* (ECF No. 16). The Bank seeks to apply the affirmative defense of claim preclusion, or res judicata, to bar claims brought by Plaintiff Stephanie Epstein as the personal representative of the Estate of Joan Yvonne Ellard ("the Estate"). The primary issue before the Court is whether the Bank has met its burden to prove that the Estate already sued the Bank in the same capacity in a prior state court proceeding. Because the Court finds that the Bank now appears in a different capacity, the motion will be denied.

### I.       STANDARD

A motion for judgment on the pleadings provides a mechanism by which a court may dispose of a case or a claim as a matter of law. *See* Fed. R. Civ. P. 12(c). The standards governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also govern a party's motion for judgment on the pleadings. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). When considering a motion for judgment on the pleadings, a court should accept as true and construe in the light most favorable to the non-moving party all well-pleaded facts in the complaint. *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

If matters outside the pleadings are presented to and not excluded by a court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Under Rule 12(d), a court has broad discretion whether to accept material beyond the pleadings or to refuse to accept extra-pleading materials and resolve the motion solely on the pleading itself. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). No conversion is required, however, when a court considers information that is subject to proper judicial notice or documents incorporated into the complaint by reference and central to the plaintiff's claim, unless their authenticity is questioned. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005)). Relevant here, a court may take judicial notice of filings in an underlying state court action. *See Pace*, 519 F.3d at 1072.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

This case involves the Bank's oversight of decedent Joan Yvonne Ellard's accounts. On November 19, 2013, the New Mexico Thirteenth Judicial District Court found Ellard to be incapacitated. Compl. ¶¶ 6, 9 (ECF No. 1-1). The state court subsequently appointed George York as Ellard's limited conservator. *Id.* ¶ 9. York, who held at least five accounts at the Bank, allegedly caused Ellard to open at least three of her own accounts with the Bank. *Id.* ¶¶ 8, 13, 14, 36, 37. Then, in an alleged breach of the conservatorship, York transferred tens of thousands of dollars from Ellard's accounts to his accounts between 2014 and 2019. *Id.* ¶¶ 9-10, 38, 44-45, 50-51, 54-56, 58, 63-65, 74-75.

Ellard passed away in December of 2018. *Id.* ¶ 66. On April 4, 2019, the New Mexico Second Judicial District Court appointed Stephanie Epstein as the personal representative of Ellard's Estate. *Id.* ¶ 68. Epstein advised the Bank of her appointment on May 6, 2019. *Id.* ¶ 70. Four days later, on May 10, 2019, the Bank acknowledged the appointment. *Id.* ¶ 71. And throughout that spring, York continued to transfer money—a final transaction from York's to Ellard's accounts occurred on May 14, 2019. *Id.* ¶ 75.

### B.    Initial Action

The Estate initiated a state probate action in the Second Judicial District Court on May 28, 2019.

Pet. to Set Aside Beneficiary Designations, *Epstein ex rel. Estate of Ellard v. York (In re Estate of Ellard)*,

D-202-PB-2019-00292 (2d Jud. Dist. Ct. June 18, 2019) (ECF No. 16-1). The Estate's complaint listed

York and his wife, Jennifer York, as respondents and the Bank as a nominal respondent.[1] *Id.* From the

Yorks, the Estate sought removal of their designations as beneficiaries, damages for breach of fiduciary

duty and breach of trust, and an accounting of Ellard's assets. *Id.* ¶¶ 30, 37, 45. And from the Bank, the

Estate sought a temporary restraining order to freeze Ellard's funds. *Id.* ¶ 54. In the alternative, the Estate

requested an order for the Bank to interplead Ellard's funds into a court registry. *Id.* On July 2, 2019, the

state court enjoined the Bank from distributing Ellard's funds. Order to Hold Funds 3, *Estate of Ellard*, D-

202-PB-2019-00292 (2d Jud. Dist. Ct. July 2, 2019) (ECF No. 16-2).

Over a year later, on September 10, 2020, the parties signed a stipulated order dismissing claims

against the Bank with prejudice. Stipulated Order Dismissing Claims Against BOKF 2, *Estate of Ellard*,

D-202-PB-2019-00292 (2d Jud. Dist. Ct. Sept. 10, 2020) (ECF No. 16-5). The stipulated order stated, "It

is hereby ordered, adjudged, and decreed that any claims which have been or could have been asserted in

this matter against [the Bank] are hereby dismissed with prejudice . . . ." The order's caption listed the Bank

as a nominal respondent. *Id.*

### C.    Present Action

On June 1, 2021, the Estate filed a new case against the Bank in the Second Judicial District Court.

Compl. (ECF No. 1-1). The Estate sought actual and punitive damages for aiding and abetting a breach of

fiduciary duty, breach of contract, breach of the covenant of good faith and fair dealing, and negligence. *Id.*

¶¶ 84, 92, 99, 106. The Bank filed a notice of removal to this Court on June 25, 2021. Notice of Removal

---

[1] The complaint incorrectly named Morgan Stanley Wealth Management, Bank of Albuquerque and BOK Financial as the nominal respondents. *See* Pet. to Set Aside Beneficiary Designations 1, ¶ 48 (ECF No. 16-1). A later order corrected the name to BOKF d/b/a Bank of Albuquerque (i.e., the Bank). *See* Order to Hold Funds 3, *Estate of Ellard*, D-202-PB-2019-00292 (2d Jud. Dist. Ct. July 2, 2019) (ECF No. 16-2).

(ECF No. 1). The Bank then moved for judgment on the pleadings on October 26, 2021. Def.'s Mot. for J. on the Pleadings (ECF No. 16). According to the Bank, claim preclusion barred this action. *Id.* at 1.

The Estate both responded to the Bank's motion in this Court and moved to revise the stipulated order in the New Mexico Second Judicial District Court. Estate's Resp. (ECF No. 20); Notice to the Ct. ¶¶ 2, 3 (ECF No. 22); Mot. to Revise, *Estate of Ellard*, D-202-PB-2019-00292 (2d Jud. Dist. Ct. Oct. 27, 2021) (ECF No. 22-1). The Estate asked the state court to specify that it "did not adjudicate the merits of any substantive claims by [the Estate] against the Bank." Mot. to Revise Ex. 1, at 1 (ECF No. 22-1, p. 10 of 30). The Estate also sought specification that the state court "dismissed with prejudice only those claims that [the Estate] asserted or could have asserted against the Bank as 'nominal respondent,' requiring it to freeze or interplead Joan Ellard's assets at the Bank." *Id.*

The state court denied the motion to revise the stipulated order. Order Denying Mot. to Revise ¶ 10, *Estate of Ellard*, D-202-PB-2019-00292 (2d Jud. Dist. Ct. Dec. 3, 2021) (ECF No. 22-4). The court noted, however, that the Bank "was originally named as a nominal party in this proceeding" and that "[t]he Bank was originally named in this proceeding merely to obtain jurisdiction, and to assure that the Yorks and the Bank were enjoined from transferring certain assets from the bank that might belong to the Estate." *Id.* ¶ 1, 2.

Both parties then submitted to this Court their interpretations of the state court's denial of the revision. The Bank asserts that, "[g]iven the Order by [the state court], there is no longer any doubt whatsoever that [the Estate] is barred from pursuing [its] claims against [the Bank] based upon [its] voluntary dismissal with prejudice." Notice to the Ct. 2 (ECF No. 22). The Estate, by contrast, asserts that the state court "clarified the procedural record in the [first action] in a way that demonstrates the absence of a res judicata defense for the Bank in this case." Resp. to the Bank's Notice ¶ 5 (ECF No. 25).

## III.    DISCUSSION

Federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)) (citing 28 U.S.C. § 1738). The Court

therefore turns to New Mexico law on claim preclusion. That said, "[f]ederal law and New Mexico law are consistent on the general standards governing claim preclusion." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54.

"Claim preclusion, or res judicata, precludes a subsequent action involving the same claim or cause of action." *Bank of Santa Fe v. Marcy Plaza Assocs.*, 2002-NMCA-014, ¶ 13, 40 P.3d 442. The doctrine "bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 231 P.3d 87 (quoting *Bank of Santa Fe*, 2002-NMCA-014, ¶ 14). With some variation, New Mexico courts require the party asserting claim preclusion to satisfy the following elements: "1) the parties must be the same or in privity; 2) the subject matter must be identical; 3) the capacity or character of persons for or against whom the claim is made must be the same; and 4) the same cause of action must be involved in both suits."[2] *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 3, 137 P.3d 577 (quoting *Myers v. Olson*, 1984-NMSC-015, ¶ 9, 676 P.2d 822). The third element—that is, the requirement that the parties appear in the same capacity or character—is dispositive here.

---

[2] Other times, the New Mexico courts list the four elements as follows: "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Potter*, 2015-NMSC-002, ¶ 10 (citing *Kirby*, 2010-NMSC-014, ¶ 61). And the courts often add an extra requirement. *See, e.g.*, *id.* ("In addition to those elements, as we discuss in this opinion, res judicata will preclude a malpractice claim only if the claim reasonably could and should have been brought during the earlier proceeding."); *Kirby*, 2010-NMSC-014, ¶ 61 ("Res judicata precludes a claim when there has been a full and fair opportunity to litigate issues arising out of that claim." (quoting *Bank of Santa Fe*, 2002-NMCA-014, ¶ 14)).

New Mexico courts seem to be shifting toward the list in this footnote. *Deflon*—from 2006—is the last New Mexico Supreme Court opinion that the Court found that used the list in the main text. *See* 2006-NMSC-025, ¶ 3. That said, the New Mexico Court of Appeals continues to use the list that includes the capacity element. *See, e.g.*, *Kline v. Wells Fargo Bank*, No. A-1-CA-39052, 2022 WL 1969402, at *1 (non-precedential); *Brannock v. Lotus Fund*, 2016-NMCA-030, 367 P.3d 888. The Court used the list in the main text because the Estate offered this version and the Bank responded to it. *See* Estate's Resp. 10 (ECF No. 20); Def.'s Reply 4-5 (ECF No. 21).

In any event, differences between the lists of elements are immaterial for this case. The third element in the list in the main text—that is, the requirement that the parties appear in the same capacity or character—demands a similar inquiry to the third element in the list in this footnote—that is, that the parties are the same. One case in the New Mexico Court of Appeals, for example, used the list in this footnote before holding that a party's different capacity prevented claim preclusion. *See State ex rel. Balderas v. Bristol-Myers Squibb Co.*, 2019-NMCA-016, ¶¶ 15, 26, 436 P.3d 724.

"A formal or 'nominal party' is one who, in a genuine legal sense, has no interest in the result of the suit or no actual interest or control over the subject matter of the litigation." 59 Am. Jur. 2d *Parties* § 7, Westlaw (database updated Aug. 2022). In a case of disputed funds, "[a] nominal defendant holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.'" *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quoting *Colman v. Shimer*, 163 F. Supp. 347, 351 (W.D. Mich. 1958)). As the Seventh Circuit has explained,

> Because the nominal defendant is a "trustee, agent, or depositary," who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection. The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved. A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]."

*Id.* (alterations in original) (first quoting *Colman*, 163 F. Supp. at 351; and then quoting *Bacon v. Rives*, 106 U.S. 99, 104 (1882)).

This definition fits the Bank's role in the initial action. The Bank held Ellard's accounts, but the real dispute in the litigation—that is, the control and use of Ellard's funds—was between the Estate and the Yorks. The Bank had no interest as to whether the Estate or the Yorks would prevail.

The Bank asserts that it appeared "in its own capacity" in the initial action because it was enjoined. Def.'s Reply 4 (ECF No. 21). In other words, the Bank rejects the characterization of its first appearance as "nominal." *See id.* To support this assertion, the Bank cites a case from the New Mexico Court of Appeals: "A 'nominal party' or 'pro-forma party' defendant is one who, although joined as a party defendant, has no real interest in the subject matter because no relief is demanded from it in the pleadings, and is joined merely because the technical rules of pleading require its presence in the record." *Campbell v. Benson*, 1981-NMCA-135, ¶ 19, 637 P.2d 578, *overruled on other grounds*, *Safeco Ins. Co. of Am. v. U.S. Fidelity & Guar. Co.*, 1984-NMSC-045, 679 P.2d 816. In further support of the Bank's position, that case also states, "The criterion by which to determine when one is a nominal party is whether the pleading seeks some relief against him." *Id.* (citing *Medico v. Emp.'s Liab. Assurance Corp.*, 172 A. 1, 3 (Me. 1934)).

Because the Estate sought injunctive relief, the Bank asserts that the Bank must have been more than a nominal party.

But the pursuit of relief is not sufficient to terminate a party's nominal status. *See, e.g.*, *Montaño v. Frezza*, 2017-NMSC-015, 393 P.3d 700 (noting that New Mexico Tort Claims Act "allows an employee to be named as a nominal defendant despite the governmental unit being the real party in interest"); *Cherif*, 933 F.2d at 416 (noting that injunction against a nominal defendant may be proper). Thus, although the Bank was the subject of a temporary restraining order, the context of the Bank's involvement confirms its nominal status.

The state court itself found and concluded that the Bank "was originally named as a nominal party." Order Denying Mot. to Revise ¶ 1 (ECF No. 22-4). And to the extent labels matter, the case caption throughout the initial action—including the caption of the order dismissing the Bank—identifies the Bank as a nominal defendant. *See, e.g.*, Stipulated Order Dismissing Claims 2 (ECF No. 16-5); *see also Hill v. Corizon Health, Inc.*, 712 F. App'x 811, 817 (10th Cir. 2017) (Hartz, J., concurring in part and dissenting in part) (noting plaintiff's intentions as to defendant's capacity by reference to caption). So too, the Estate's initial complaint in state court identifies the Bank as a nominal defendant. *See* Pet. to Set Aside Beneficiary Designations 9 (ECF No. 16-1); *see also Hinojos v. Poulos*, A-1-CA-39473, 2022 WL 594283 (non-precedential) (highlighting plaintiff's clear statement in complaint that identified defendant's capacity).

The Bank's capacity in the initial action affects whether this action is precluded. "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Restatement (Second) of Judgments § 36(2) (Am. Law Inst. 1982); *see, e.g.*, *State ex rel. Peterson v. Aramark Corr. Servs., LLC*, 2014-NMCA-036, ¶¶ 31, 32, 321 P.3d 128 (holding previous action by individual plaintiff against defendants did not preclude subsequent qui tam action in which same plaintiff sued same defendants on behalf of the State); *see also Hill v. Corizon Health, Inc.*, 712 F. App'x 811 (10th Cir. 2017) (Hartz, J., concurring in part and dissenting in part) (finding suits against officer in official capacity distinguishable from suits against officer in individual capacity for purposes of res judicata); *Cosgrove v. Kan. Dep't of*

*Soc. & Rehab. Servs.*, 485 F. App'x 290, 292-93 (10th Cir. 2012) (applying Kansas law that is substantively same as New Mexico law; holding previous action against defendants in their official capacities did not preclude otherwise identical action against same defendants in their individual capacities).

A corollary of this rule addresses to parties appearing in nominal and then in real capacities. *See* 18 *Moore's Federal Practice – Civil* § 131.40, Lexis (database updated Sept. 2022) ("A judgment is usually not preclusive against a nominal party."); 18A Edward H. Cooper, *Federal Practice and Procedure (Wright & Miller)* § 4449, Westlaw (database updated Apr. 2022) ("A party to a prior action should not be precluded . . . if he was involved only as a nominal party or in a specially circumscribed and subordinate role."); *see, e.g.*, *Penda Corp. v. United States*, 44 F.3d 967, 972 (Fed. Cir. 1994) (holding, in context of issue preclusion, that suit between plaintiff patent-holder, defendant United States government, and nominal defendant supplier for government's alleged patent infringement would not have preclusive effect in future suit against supplier); *United States v. Jensen*, 608 F.2d 1349, 1355 (10th Cir. 1979) (holding, in context of issue preclusion, that initial suit with nominal plaintiff SEC where it was "essentially a neutral party" did not preclude SEC from bringing later suit).

All in all, the Bank was a nominal defendant in the initial action—it merely held the assets that were the attention of the dispute between the Estate and the Yorks. The subject matter of that action involved the York's obligations—not the Banks'. In the present action, by contrast, the Estate has sued the Bank as a real defendant.

The Bank has thus failed to show that the parties appeared in the same capacity in the two actions, which is required to preclude a claim under New Mexico law. "Because the claim preclusion doctrine does not bar a subsequent lawsuit unless all four elements are met, we do not consider the parties' remaining claim preclusion arguments." *Peterson*, 2014-NMCA-036, ¶ 33.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant BOKF, NA

d/b/a Bank of Albuquerque's *Motion for Judgment on the Pleadings* (**ECF No. 16**) is **DENIED**.


_____
SENIOR UNITED STATES DISTRICT JUDGE